The STATE of Ohio, Appellee,

v.

VanNOY, Appellant.

[Cite as *State v. VanNoy*, 188 Ohio App.3d 89, 2010-Ohio-2845.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2009 CA 46.

Decided June 18, 2010.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Roger A. Ward, Assistant Prosecuting Attorney, for appellee.

Brandin D. Marlow, for appellant.

FROELICH, Judge.

{¶ 1} James VanNoy was convicted after a jury trial in the Clark County Court of Common Pleas of possession of powder cocaine in an amount equal to or greater than 25 grams but less than 100 grams, a third-degree felony. The possession charge arose from the seizure of cocaine from VanNoy's brother's car on July 31, 2008. The court dismissed three counts of trafficking in cocaine, stemming from conduct in March and April 2008, after the state rested its case. The trial court sentenced VanNoy to five years in prison for possession of cocaine.

{¶ 2} VanNoy appeals from his conviction, raising three assignments of error. We find VanNoy's third assignment of error to be dispositive. For the following reasons, the trial court's judgment is reversed, and the matter is remanded for further proceedings.

I

{¶ 3} VanNoy's third assignment of error states:

{¶ 4} "The trial court erred when it overruled defendant's motions to suppress."

{¶ 5} In his third assignment of error, VanNoy claims that the trial court erred in denying his two motions to suppress. The first motion, filed in November 2008, challenged his warrantless arrest by Springfield police officers on July 31, 2008, after the police stopped a vehicle in which VanNoy was a passenger. After a hearing on November 25, 2008, the trial court overruled the motion.

{¶ 6} In his second motion to suppress, VanNoy sought to suppress statements that he made to the police during the stop. VanNoy claimed that the officers failed to inform him of his *Miranda* rights and that his statements were the product of police coercion. After a hearing on the morning of trial, the trial court overruled this motion. We will address each of these decisions in turn.

{¶ 7} Although VanNoy requested a full transcript of the trial court proceedings, a transcript of the November 25, 2008 suppression hearing was not filed prior to the submission of the parties' briefs. VanNoy cites the trial court's findings of fact, as stated in that court's decision overruling the first motion to suppress; the state cites the trial transcript.[1] The transcript of the first

---

1. In reviewing the trial court's ruling on a motion to suppress, we are limited to the evidence presented to the trial court at the suppression hearing. *State v. Patterson*, Montgomery App. No. 20977, 2006-Ohio-1422, 2006 WL 759699, ¶ 12, fn. 1. In this case, we may consider only the transcript of the November 25, 2008 hearing when reviewing the trial court's decision on VanNoy's first motion to suppress, and we may consider only the evidence from the second

suppression hearing was filed on May 27, 2010, and we have reviewed it for purposes of addressing VanNoy's arguments.

{¶ 8} Detective Eugene Bell of the Springfield Police Department, Narcotics Unit, was the sole witness at the first suppression hearing. Upon considering Bell's testimony, the trial court made the following findings of fact, which are supported by the transcript of that proceeding:

{¶ 9} "The drug unit of the Springfield Police Department, of which Detective Bell is a member, was engaged in an investigation of the defendant during the spring of 2008. On or about March 13, 2008, April 2, 2008, and April 11, 2008, the drug unit, with the assistance of a confidential informant, allegedly made purchases of crack cocaine from the defendant.

{¶ 10} "For the next three and one-half months, no charges were filed against the defendant for the above-referenced drug transactions, no indictments were obtained, no warrants were issued, and no arrests were made. Detective Bell did testify, however, that, during this period of time, the drug unit was conducting an ongoing investigation of the defendant.

{¶ 11} "On July 31, 2008, Detective Bell received information that the defendant would be visiting the residence located at 819 Elm Street, Springfield, Ohio. Detective Bell knew this residence to be a drug house since confidential informants had recently made drug buys from occupants of this house. Detective Bell drove to the vicinity of the house in his unmarked cruiser, parked on the street, and waited for the defendant to arrive. The defendant eventually arrived as a passenger in a vehicle, entered the residence at 819 Elm Street, remained for approximately two minutes, exited the residence, re-entered the vehicle in which he arrived, and fled the area as a passenger in said vehicle. Detective Bell followed the vehicle and stopped it in the area of State Route 72 and Villa Road.

{¶ 12} "Detective Bell testified that the sole basis for the stop was to effectuate an arrest of the defendant for the drug trafficking offenses which had allegedly occurred some three and one-half months prior. He testified that the delay between the alleged crime and the arrest was to protect the identity of his confidential informant.

{¶ 13} "Upon the stop, Detective Bell searched the vehicle and the defendant, and confiscated over 25 grams of crack cocaine.

---

suppression hearing on the day of trial in reviewing the trial court's ruling on VanNoy's second motion to suppress. We cannot consider the trial testimony, which the state has cited, when reviewing either suppression decision.

{¶ 14} "The defendant was arrested and subsequently indicted on three counts of drug trafficking, all felonies of the fifth degree, and one count of drug possession, a felony of the third degree."

{¶ 15} The trial court denied VanNoy's first motion to suppress. The court reasoned that R.C. 2935.04 permitted the police to arrest VanNoy in a public place for a felony without a warrant.

{¶ 16} VanNoy claims that R.C. 2935.04 should not permit the police to arrest a person without a warrant when there was an opportunity to obtain a warrant prior to the warrantless arrest. He states: "If the reason the police detained Defendant that day was for the new offense, then Defendant would concede the appropriateness of the detention. However, Detective Bell testified that was not the case – he testified the sole basis for the stop was to effectuate an arrest for the events from three and a half months ago. That left Detective Bell three and a half months to obtain the warrant prior to arrest, even if they had held off on effectuating the warrant until an opportune time."

{¶ 17} "The trial court assumes the role of the trier of fact in a hearing on a motion to suppress; it must determine the credibility of the witnesses and weigh the evidence presented at the hearing." *State v. Morgan* (Jan. 18, 2002), Montgomery App. No. 18985, 2002 WL 63196, citing *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172. In reviewing the trial court's ruling on a motion to suppress evidence, this court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. Id. However, "the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard." Id.

{¶ 18} The Fourth Amendment to the United States Constitution states that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Moreover, Ohio's Constitution, Section 14, Article I, provides: "The right of the people to be secure in their persons * * * against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing * * * the person * * * to be seized."

{¶ 19} "The historic purpose of the arrest warrant in the criminal context was to interpose between the government and the citizen a neutral official charged with protecting basic rights," *Hyser v. Reed* (C.A.D.C.1963), 318 F.2d 225, 243; the requirement is designed "to interpose the magistrate's determination of probable cause between the zealous officer and the citizen," *Payton v. New York* (1980), 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639.

{¶ 20} The Fourth Amendment prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576; *State v. Cosby*, 177 Ohio App.3d 670, 2008-Ohio-3862, 895 N.E.2d 868, ¶ 16. Exigent circumstances are a well-established exception to the Fourth Amendment's warrant requirement. *State v. Andrews*, 177 Ohio App.3d 593, 2008-Ohio-3993, 895 N.E.2d 585, ¶ 23; *State v. Berry*, 167 Ohio App.3d 206, 2006-Ohio-3035, 854 N.E.2d 558, ¶ 12. The scope of this exception is strictly circumscribed by the exigencies that justify the search or seizure, and the police "bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh v. Wisconsin* (1984), 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732.

{¶ 21} The Supreme Court of Ohio has recognized that a warrantless arrest that is based upon probable cause and occurs in a public place does not, in general, violate the Fourth Amendment. *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 66, citing *United States v. Watson* (1976), 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598. See also *Maryland v. Pringle* (2003), 540 U.S. 366, 370, 124 S.Ct. 795, 157 L.Ed.2d 769. And R.C. 2935.04 explicitly permits warrantless arrests for felonies. See *Brown* at ¶ 66. That statute provides: "When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense, and detain him until a warrant can be obtained."

{¶ 22} "A reasonably prudent person must, at the time of arrest, believe that the person placed under arrest was committing or had committed a criminal offense." *Brown* at ¶ 66, citing *Gerstein v. Pugh* (1975), 420 U.S. 103, 111–112, 95 S.Ct. 854, 43 L.Ed.2d 54. "Probable cause to arrest depends 'upon whether, at the moment the arrest was made * * * the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Adams v. Williams* (1972), 407 U.S. 143, 148, 92 S.Ct. 1921, 32 L.Ed.2d 612, citing *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. The existence of probable cause is determined by looking at the totality of the circumstances. See *Illinois v. Gates* (1983), 462 U.S. 213, 230–232, 103 S.Ct. 2317, 76 L.Ed.2d 527.

{¶ 23} However, in order for an officer to lawfully perform a warrantless arrest in a public place, the arrest must not only be supported by probable cause, it must also be shown that obtaining an arrest warrant beforehand was impracticable under the circumstances, i.e., that exigent circumstances exist. *State v. Jones*, 183 Ohio App.3d 839, 919 N.E.2d 252, 2009-Ohio-4606, ¶ 12, citing

*State v. Heston* (1972), 29 Ohio St.2d 152, 58 O.O.2d 349, 280 N.E.2d 376, paragraph two of the syllabus, and *State v. Woodards* (1966), 6 Ohio St.2d 14, 35 O.O.2d 8, 215 N.E.2d 568. "In the absence of exigent circumstances, judicially untested determinations by police officers are simply not reliable enough to justify an arrest without a warrant – at least where the officers had sufficient opportunity to seek one beforehand." *Jones* at ¶ 25, citing *State v. Guy* (Sept. 23, 1983), Lucas App. No. L–83–140, 1983 WL 6952. Arrest without a warrant, when a warrant can timely, safely, and readily be obtained, based upon an alleged prior offense of known facts and timing, denies the arrestee the constitutional right to have a neutral magistrate determine whether there is probable cause to seize the person; rather, it permits a person's seizure, albeit on grounds slightly better than a "general warrant," at the temporally unchecked discretion of a law-enforcement officer, based on unverified and unreviewed suspicions. *Jones* at ¶ 25.

{¶ 24} An officer's reasonable belief that a felony drug offense has been committed and that the person he seeks to arrest is guilty of the offense does not justify a warrantless arrest in all such cases; circumstances must be such as to make it impracticable to obtain a warrant. *State v. Smith* (Apr. 26, 1979), Montgomery App. No. 6139, 1979 WL 208438, citing *Heston*, 29 Ohio St.2d 152, 58 O.O.2d 349, 280 N.E.2d 376, at paragraph two of syllabus.

{¶ 25} The state bears the burden of proof on whether a warrantless search or seizure was permissible. See *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889.

{¶ 26} According to the record, Detective Bell's testimony at the suppression hearing established that VanNoy was stopped in order to make an arrest for drug-trafficking offenses that had occurred several months before. Although Bell further testified that the delay was necessary to protect the identity of his confidential informant, nothing in Bell's testimony explains why the detective did not obtain an arrest warrant once he decided that he could arrest VanNoy without endangering his informant. Although VanNoy was the subject of an ongoing investigation, Bell indicated that three months had elapsed between the last alleged criminal activity and the stop. There was no suggestion that VanNoy's immediate, warrantless arrest on July 31, 2008, was necessary to protect the informant, to prevent VanNoy's fleeing, or for some other urgent reason.

{¶ 27} We noted in *Jones* that "the passage of several weeks made it virtually impossible to establish the impracticability of obtaining a warrant." *Jones*, 183 Ohio App.3d 839, 2009-Ohio-4606, 919 N.E.2d 252, at ¶ 27. We find it even harder to establish that a warrantless arrest is justified when there is a delay of

several months between the existence of probable cause and the arrest. In short, based on the evidence at the suppression hearing, the state failed to demonstrate that it was impracticable for Detective Bell to obtain an arrest warrant prior to stopping and arresting VanNoy on July 31, 2008, for drug activities occurring in March and April 2008.

{¶ 28} The state asserts that VanNoy's detention and arrest were nevertheless valid because, given the totality of the circumstances at the time that VanNoy's brother's vehicle was stopped, the detectives had a reasonable suspicion that VanNoy had just engaged in a drug transaction at 819 Elm Street. Bell, however, did not testify that he had stopped the vehicle based on a reasonable and articulable suspicion that VanNoy had engaged in a drug transaction at 819 Elm Street. To the contrary, he repeatedly stated that the sole basis for the stop was to arrest VanNoy for past drug trafficking. The state cannot justify a stop with reasons not articulated by the officers themselves. See *State v. Byczkowski* (Nov. 16, 2001), Greene App. No. 2001 CA 31, 2001 WL 1468903 (concluding that the officer lacked a reasonable and articulable suspicion of drug activity when the officer "never articulated or even attempted to articulate" what he suspected); *State v. Ramos*, 155 Ohio App.3d 396, 2003-Ohio-6535, 801 N.E.2d 523, ¶ 23.

{¶ 29} Because the detectives did not validly arrest VanNoy without a warrant due to the state's failure to establish that obtaining an arrest warrant was inpracticable, VanNoy's first motion to suppress should have been sustained.

{¶ 30} In his second motion to suppress, VanNoy sought to suppress statements that he made to the detective during the traffic stop. Because Detective Bell did not validly stop and arrest VanNoy, any statements made by VanNoy during that stop must also be suppressed as fruit of the poisonous tree.

{¶ 31} The third assignment of error is sustained.

## II

{¶ 32} VanNoy's first assignment of error states:

{¶ 33} "Prosecutorial misconduct during the state's closing argument led to the prejudice of the jury and an unjust verdict."

{¶ 34} VanNoy's second assignment of error states:

{¶ 35} "Defendant was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments [to] the United States Constitution and Article I, Section 10 of the Ohio Constitution."

{¶ 36} In light of our disposition of VanNoy's third assignment of error, these assignments of error are overruled as moot.

III

{¶ 37} The judgment of the trial court is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

FAIN and DONOFRIO, JJ., concur.

GENE DONOFRIO, J., of the Seventh District Court of Appeals, sitting by assignment.