[Cite as *State vs. Hovatter*, 2018-Ohio-2254.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JORDEN LEIGH HOVATTER | : | Case No. 17-CA-37 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 17-CR-177


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            June 7, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOEL C. WALKER                            SCOTT P. WOOD
239 West Main Street                      120 East Main Street
Suite 101                                 Suite 200
Lancaster, OH  43130                      Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Jorden Leigh Hovatter, appeals the June 29, 2017 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, denying her motion to suppress.  Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   Shawn Woodgeard is a narcotics detective with the Fairfield-Hocking-Athens Major Crimes Unit.  Pursuant to a tip from a confidential informant, Detective Woodgeard was made aware that appellant was selling methamphetamine from her home.  Three controlled buys were made from appellant in October and November 2016.  Appellant was not arrested because of an ongoing investigation involving additional individuals.   She was subsequently arrested on April 4, 2017, because Detective Woodgeard had been informed that she was planning on leaving the state.

{¶ 3}   On April 17, 2017, the Fairfield County Grand Jury indicted appellant on four counts of aggravated trafficking in drugs in violation of R.C. 2925.03 (one with a forfeiture specification), one count of aggravated possession of drugs in violation of R.C. 2925.11, and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14.

{¶ 4}   On April 28, 2017, appellant filed a motion to suppress, claiming an illegal warrantless arrest.  A hearing was held on June 14, 2017.  By judgment entry filed June 29, 2017, the trial court denied the motion in part, finding probable cause to arrest appellant without a warrant.  The trial court granted appellant's request to suppress her statements made after her arrest for lack of *Miranda* warnings.

{¶ 5}   On August 8, 2017, appellant pled guilty to one of the aggravated trafficking counts and no contest to the aggravated trafficking count with the forfeiture specification. The remaining counts were dismissed.  By judgment entry filed August 15, 2017, the trial court found appellant guilty of both counts, and sentenced her to fifty-four months in prison.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

I

{¶ 8}   In her sole assignment of error, appellant claims the trial court erred in denying her motion to suppress related to her warrantless arrest.  We disagree.

{¶ 9}   As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).  On appeal, we "must accept the trial court's findings of fact if they are supported

by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 10} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 11} In her April 28, 2017 motion to suppress, appellant challenged her warrantless arrest five months after the controlled drug buys. Appellant argued "there was no reasonable and articulable suspicion to seize" her and therefore, no probable cause to arrest her without a warrant.

{¶ 12} Probable cause to arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime*. State v. Timson,* 38 Ohio St.2d 122, 311 N.E.2d 16 (1974). A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals, and location. Katz, *Ohio Arrest, Search and Seizure,* Sections 2:13-2:19, at 59-64 (2009 Ed.). As the United States Supreme Court stated when speaking of probable cause "we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life

in which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

{¶ 13} As stated by the Supreme Court of Ohio in *State v. Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 66:

A warrantless arrest that is based upon probable cause and occurs in a public place does not violate the Fourth Amendment. *United States v. Watson* (1976), 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598. Warrantless arrests for felony offenses are explicitly permitted in Ohio: R.C. 2935.04 allows for a suspect to be detained until a warrant can be obtained. A reasonably prudent person must, at the time of arrest, believe that the person placed under arrest was committing or had committed a criminal offense. *Gerstein v. Pugh* (1975), 420 U.S. 103, 111-112, 95 S.Ct. 854, 43 L.Ed.2d 54.

{¶ 14} During the suppression hearing held on June 14, 2017, Detective Woodgeard testified to the events leading to appellant's arrest on April 4, 2017. Pursuant to a tip from a confidential informant, police conducted three controlled drug buys from appellant, one on October 20, 2016, one on November 4, 2016, and one on November 8, 2016. T. at 8-12. Each time, appellant was not arrested because there was an ongoing investigation into appellant and others at her residence. T. at 9-12, 13-14. Two additional controlled drug buys were made at appellant's residence involving other individuals. T. at 14. On April 4, 2017, Detective Woodgeard was informed that appellant was spotted

in a store's parking lot.   T. at 14.  He contacted a marked K9 unit to arrest appellant because "[w]e had information to believe that she was going to leave the state."  T. at 15. Detective Woodgeard believed he had probable cause to arrest appellant because of the three controlled drug buys.  T. at 16, 24.  He was in the process of obtaining an arrest warrant for appellant and others prior to when appellant was spotted in the parking lot.  T. at 17-18, 24.  Detective Woodgeard waited to obtain an arrest warrant because of the continued investigation.  T. at 25.

{¶ 15} In denying the motion to suppress on the warrantless arrest issue, the trial court concluded the following:

> The Court finds based on the totality of the circumstances that on April 4, 2017, there was sufficient probable cause to arrest Defendant without a warrant, despite the fact that five months elapsed between Woodgeard attaining probable cause and Defendant's arrest. Notwithstanding the fact that five months elapsed between Woodgeard attaining probable cause and Defendant's seizure, the arrest was valid given the number of alleged crimes, the character of the alleged offenses, and weight of the evidence against Defendant.  An officer must support a warrantless arrest in a public place with probable cause and indeed there were reasonable grounds to believe Defendant committed at least one felony offense in late 2016 based on Woodgeard's personal observations of Defendant's involvement in narcotic sales at the Mohawk Drive and Fair Avenue locations.

{¶ 16} Appellant argues in addition to probable cause, appellee "must establish an exigent circumstance that prevented them from obtaining a warrant within a reasonable period of time." Appellant's Brief at 7. In support, appellant cites two cases from the Second District, *State v. Jones,* 183 Ohio App.3d 839, 2009-Ohio-4606, 919 N.E.2d 252 (2d Dist.), and *State v. VanNoy,* 188 Ohio App.3d 89, 2010-Ohio-2845, 934 N.E.2d 413 (2d Dist.). As the trial court noted in its judgment entry, "the Second Appellate District's approach is a minority position and is not the state of the law in Ohio's Fifth Appellate District which uniformly follows the Ohio Supreme Court's *Brown* decision * * *."

{¶ 17} Appellant concedes "there was sufficient probable cause to arrest Appellant based on the three prior controlled drug transactions." Appellant's Brief at 7. We do not agree appellee was required to establish exigent circumstances which prevented law enforcement from obtaining an arrest warrant within a reasonable period of time.

{¶ 18} Upon review, we find the trial court did not err in denying appellant's motion to suppress on the warrantless arrest issue.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, J. and

Delaney, J. concur.

EEW/db 530