[Cite as *State v. Taylor*, 2019-Ohio-2018.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 18AP-7 |
| | | (C.P.C. No. 17CR-2375) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Guy Taylor, | : | |
| Defendant-Appellee. | : | |

---

### D E C I S I O N

#### Rendered on May 23, 2019

---

**On brief***: Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant. **Argued**: *Steven L. Taylor*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellee. **Argued:** *Ian J. Jones*.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} The State of Ohio, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion to suppress evidence filed by Guy Taylor, defendant-appellee.

{¶ 2} A confidential informant ("informant") contacted the Whitehall Police Department ("WPD" or "police") and told them appellee was selling heroin. Using the informant, police conducted a controlled buy of heroin from appellee. On November 20, 2016, and within 72 hours of the controlled buy, police obtained a search warrant for appellee's residence. On November 22, 2016, police executed the search warrant using their "swoop" policy. Pursuant to the swoop policy, police waited for appellee to exit his

residence, get into his vehicle, and travel about two blocks away from his residence. Police then initiated a traffic stop of appellee's vehicle. Police informed appellee they had a search warrant for his residence. Appellee told police that, although he had no drugs at his residence, he did have heroin on his person. Police searched appellee and confiscated a bag of heroin.

{¶3} Appellee was indicted on one count of trafficking in heroin and one count of possession of heroin, both fourth-degree felonies. On October 20, 2017, appellee filed a motion to suppress evidence with regard to the heroin police confiscated from his person during the traffic stop. Appellee argued the search warrant for his residence did not authorize police to initiate a traffic stop.

{¶4} On December 15, 2017, the trial court held a hearing on appellee's motion to suppress. At the hearing, WPD Sergeant Jonathan Earl testified on behalf of the state regarding the circumstances surrounding the informant, search warrant, and traffic stop. Appellee did not cross-examine Sergeant Earl, call any witnesses, or present any evidence.

{¶5} On December 28, 2017, the trial court issued a decision in which it granted appellee's motion to suppress. The court first found that, pursuant to *Bailey v. United States*, 568 U.S. 186 (2013), appellee could not be detained pursuant to the search warrant because such detainments must be made within the immediate vicinity of the premises. The court then found police could not stop appellee's vehicle because they did not have reasonable suspicion pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), and they did not have probable cause to arrest appellee. The court also found the swoop policy was unconstitutional under the Fourth Amendment, and exclusion of the evidence was the only meaningful remedy to correct this violation.

{¶6} The state appeals the judgment of the trial court, asserting the following three assignments of error:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED THE MOTION TO SUPPRESS BASED ON THE FAILURE TO OBTAIN AN ARREST WARRANT FOR DEFENDANT'S PUBLIC ARREST.
>
> [II.] THE TRIAL COURT ERRED AND ABSUSED ITS DISCRETION IN CONCLUDING THAT REASONABLE SUSPICION WAS LACKING TO ENGAGE IN A *TERRY* STOP.

[III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT EXCLUDED THE EVIDENCE IN THE ABSENCE OF A CULPABLE VIOLATION OF THE FOURTH AMENDMENT.

{¶7} The state argues in its first assignment of error the trial court erred when it granted the motion to suppress based on the failure to obtain an arrest warrant for appellee's public arrest. An appellate review of a ruling on a motion to suppress evidence presents mixed questions of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve questions of fact and evaluate witness credibility. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992); *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996). As a result, an appellate court must accept a trial court's factual findings if they are supported by competent and credible evidence. *State v. Guysinger*, 86 Ohio App.3d 592, 594 (4th Dist.1993). The reviewing court must then review the trial court's application of the law de novo. *State v. Russell*, 127 Ohio App.3d 414, 416 (9th Dist.1998).

{¶8} In the present case, the state argues there existed probable cause for the police to arrest appellee. Warrantless searches are unreasonable per se, subject only to a few specifically established and well-delineated exceptions. *State v. Kessler*, 53 Ohio St.2d 204, 207 (1978). A warrantless arrest that is based on probable cause and occurs in a public place does not violate the Fourth Amendment. *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 66, citing *United States v. Watson*, 423 U.S. 411 (1976). R.C. 2935.04 provides that "[w]hen a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense, and detain him until a warrant can be obtained." Probable cause for a warrantless arrest exists "if all the facts and circumstances within the officer's knowledge were sufficient to cause a prudent person to believe that the individual has committed or was committing an offense." *State v. Dingess*, 10th Dist. No. 01AP-1232, 2002-Ohio-2775, ¶ 9, citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996). "A warrantless arrest does not require the officer's absolute knowledge that a crime has been committed; it requires only a reasonable belief based on the totality of the circumstances." *State v. Grayson*, 8th Dist. No. 102057, 2015-

Ohio-3229, ¶ 19. Furthermore, probable cause is not subjective. *State v. Abrams*, 12th Dist. No. CA2007-03-040, 2008-Ohio-94, ¶ 12. "The subjective intentions of the officers are irrelevant in a probable cause determination." *State v. Cabell*, 6th Dist. No. L-06-1026, 2006-Ohio-4914, ¶ 27. Rather, probable cause is viewed under an objective standard. *Abrams* at ¶ 12.

{¶9}    Here, the trial court found police did not have probable cause to arrest appellee on the date in question. The court held that exigent circumstances did not exist to justify a warrantless arrest and search of appellee in that the state did not meet the heavy burden to demonstrate an urgent need to arrest appellee without a warrant. The court concluded that police had ample opportunity to obtain an arrest warrant for appellee based on Sergeant Earl's knowledge of the controlled sale to the informant but strategically decided not to request an arrest warrant in order to utilize their swoop policy.

{¶10} In its assignment of error, the state asserts police had probable cause to make a warrantless public arrest of appellee based on their knowledge of the previous controlled buy. The state points out that police monitored the controlled hand-to-hand drug transaction involving the informant, police confirmed the drug as heroin, police had appellee's photograph from his driver's license, and the informant had identified appellee's photograph. The state argues that, despite the court's finding that police lacked probable cause to arrest appellee on the date of the search because there were no attendant exigent circumstances at the time, probable cause still existed at the time of the stop based on the controlled sale five days prior, and both the Supreme Court of Ohio and the United States Supreme Court have rejected the need for any exigency requirement for an arrest warrant for a public arrest based on probable cause.

{¶11} After reviewing the evidence presented at the suppression hearing and reviewing pertinent case law, we agree with the state and find the trial court erred when it found there existed no probable cause here and that exigent circumstances were required for a warrantless arrest. The facts, as testified to at the hearing, clearly detail the controlled buy by the informant five days before appellee's arrest. Sergeant Earl testified that he was informed by the informant that appellee was selling heroin in Whitehall. Sergeant Earl identified appellee using several law enforcement databases and was able to identify where appellee was living.  Police set up a controlled buy with the informant and

observed appellee selling heroin to the informant. The informant was someone who had been reliable multiple times previously. Sergeant Earl testified that, after obtaining a search warrant for appellee's residence, police allowed appellee to leave his residence in his vehicle and then a uniformed officer took him "into custody." After appellee told Sergeant Earl he had heroin on his person, Sergeant Earl "[c]onducted a search incident to arrest." He testified that, when appellee left his residence, he believed appellee was involved or may have been involved in criminal activity based on the controlled narcotics buy.

{¶12} There can be no serious dispute that the controlled buy provided probable cause to arrest appellee. The offenses for which appellee was indicted, possession of heroin and trafficking in heroin, are felony offenses, pursuant to R.C. 2925.11 and 2925.03, respectively. Thus, appellee's offenses clearly fall under the authorization for warrantless arrests for felony offenses outlined in R.C. 2935.04, as quoted above. Furthermore, this court, as well as others, has found probable cause under similar circumstances, even when the controlled buy was remote in time to the arrest. *See, e.g.*, *State v. Hovatter*, 5th Dist. No. 17-CA-37, 2018-Ohio-2254 (there was sufficient probable cause to arrest the defendant based on the three prior controlled drug transactions occurring five to six months prior to the arrest); *State v. Phillips*, 10th Dist. No. 15AP-1038, 2016-Ohio-5944 (defendant's warrantless arrest was justified as officers had probable cause to arrest him based on two controlled drug buys from a confidential informant occurring within 72 hours and 7 days prior to the arrest). Thus, we find probable cause existed based on the controlled drug buy by the informant.

{¶13} However, in granting the motion to suppress, the trial court found that, in addition to probable cause, there must exist exigent circumstances that prevented police from obtaining an arrest warrant, and police had ample opportunity to obtain an arrest warrant for appellee based on Sergeant Earl's knowledge of the controlled sale to the informant five days prior. In support of such proposition, the trial court relied on *State v. VanNoy*, 188 Ohio App.3d 89, 2010-Ohio-2845 (2d Dist.), and *State v. Heston*, 29 Ohio St.2d 152 (1972). In *VanNoy*, the Second District Court of Appeals held that a warrantless arrest "must not only be supported by probable cause, but it must also be shown that obtaining an arrest warrant beforehand was impracticable under the circumstances, i.e.,

that exigent circumstances exist." *Id.* at ¶ 23, citing *Heston*. In *Heston*, the Supreme Court found that a warrantless arrest may be made when a police officer has probable cause to believe that a felony has taken place and the circumstances must be such as to make it impracticable to secure a warrant. *Id.* at 155.

{¶14} However, this court has never followed *VanNoy* for the proposition relied on by appellee and the trial court and has, instead, followed the Supreme Court's decision in *Brown*. Similarly, the Fifth District Court of Appeals noted in *Hovatter* that the Second District's approach in *VanNoy* is a minority position and is not the state of the law in Ohio's Fifth Appellate District, which uniformly follows the Supreme Court's *Brown* decision. *Hovatter* at ¶ 15-16. There is also dissent within the Second District Court of Appeals as to whether exigent circumstances are required for warrantless arrests made with probable cause. *See State v. Armstead*, 2d Dist. No. 26640, 2015-Ohio-5010 (Welbaum, J., dissenting) (*Heston* has been discredited by *Watson* and *Brown*, and exigent circumstances or an undue delay requirement cannot be imposed on warrantless arrests made with probable cause). Indeed, in *Watson*, the United States Supreme Court specifically refused to find an exigency requirement for warrantless arrests made with probable cause, finding:

> Congress has plainly decided against conditioning warrantless arrest power on proof of exigent circumstances. Law enforcement officers may find it wise to seek arrest warrants where practicable to do so, and their judgments about probable cause may be more readily accepted where backed by a warrant issued by a magistrate. But we decline to transform this judicial preference into a constitutional rule when the judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like.

(Citations omitted.) *Watson* at 423-24. We echoed this finding in *Watson* in *State v. Salvito*, 10th Dist. No. 81AP-152 (Nov. 3, 1981), stating " 'The necessary inquiry, therefore, was not whether there was a warrant or whether there was time to get [a warrant], but whether there was probable cause for the arrest.' " *Id.*, quoting *Watson* at 417. Therefore, we continue to adhere to the holdings in *Brown* and *Watson* that a warrantless arrest that

is based on probable cause and occurs in a public place does not violate the Fourth Amendment.

{¶15} This court addressed similar circumstances in *Phillips* and found probable cause existed without any analysis of exigent circumstances. In *Phillips*, the WPD obtained a search warrant for the defendant's home based on two prior controlled drug buys—one within the prior 7 days and one within the prior 72 hours—using a confidential informant. Following the issuance of the search warrant, police stopped the defendant in his vehicle after he left the residence identified in the search warrant. At the suppression hearing, the officer testified that, at the time the defendant was stopped, he still had probable cause to believe the defendant had committed a drug trafficking offense. He said that, after stopping the defendant, they arrested him, seized his keys, and used the keys to open the door of the residence named in the search warrant. The trial court denied the motion to suppress. On appeal, we considered whether the defendant's warrantless arrest prior to the execution of the search warrant was proper. We concluded that detention of the defendant's vehicle and subsequent arrest were justified because the officers had probable cause to arrest him based on the two prior drug transactions. We found that, based on the facts and circumstances that were known at the time of the defendant's detention, a reasonably prudent person would believe the defendant had committed an offense. Therefore, we held in *Phillips*, under the totality of the circumstances, probable cause existed to arrest the defendant without a warrant.

{¶16} Likewise, in the present case, police had probable cause to stop appellee's vehicle and initiate an arrest based on the prior controlled drug buy. The prior controlled drug transaction with the informant was known to police officers at the time they pulled over appellee's vehicle. Similar to the testifying detective in *Phillips*, Sergeant Earl testified here that, when appellee left his residence, he still believed appellee was involved in criminal activity based on the earlier controlled narcotics purchase. Thus, here, we find that based on the prior controlled drug buy known to police, a reasonably prudent person would believe appellee had committed an offense.

{¶17} Appellee contends police had no actual intent to arrest him but, instead, only intended to detain him away from the scene of the search warrant while the warrant was executed. We disagree. There was sufficient evidence provided by the state at the

hearing to conclude police intended to arrest appellee. Sergeant Earl testified a uniformed officer took appellee "into custody" and "[c]onducted a search incident to arrest." Sergeant Earl stated the method they used to apprehend appellee in his vehicle away from the search warrant site was "a quiet way of arresting a subject." The trial court specifically found Sergeant Earl's testimony credible, consistent, and uncontroverted, without any suggestion of bias or motive to lie. The trial court also apparently agreed appellee was arrested, as it made several references to the fact that appellee was arrested after police pulled over his vehicle. The state bears the burden of proof on whether a warrantless arrest was based on probable cause, *State v. Otte*, 74 Ohio St.3d 555, 559 (1996), and, here, at the suppression hearing, the state presented the credible testimony of Sergeant Earl to support a finding that police intended to arrest appellee based on the prior controlled buy.

{¶18} We note appellee claims that other circumstances also demonstrate there was no intent to arrest him after he was pulled over. Appellee contends he was never charged with anything out of the controlled sale, police did not conform with the requirements of an arrest under R.C. 2935.07, and a warrant was never obtained following the arrest as required by Crim.R. 4(E)(2) and (F) and R.C. 2935.03. However, there was no evidence presented at the suppression hearing with regard to these claims. Our review on appeal of a motion to suppress is limited to evidence presented at the suppression hearing. *State v. Monford*, 190 Ohio App.3d 35, 2010-Ohio-4732, ¶ 45-46 (10th Dist.) (holding that in reviewing a trial court's ruling on a motion to suppress, an appellate court may only consider evidence that was presented during the suppression hearing). Although the state bore the burden of proving probable cause, in response, appellee failed to present any evidence or witnesses at the suppression hearing to contradict Sergeant Earl's testimony and did not cross-examine Sergeant Earl. Therefore, we find appellee's unsupported arguments without merit.

{¶19} Based on all the foregoing, we find the evidence at the suppression hearing established that police had knowledge of the prior controlled drug buy, police intended to arrest appellee, and a reasonably prudent person would have believed appellee committed an offense. Therefore, police had probable cause here, and the trial court erred when it

granted appellee's motion to suppress. The state's first assignment of error is sustained. Given this determination, the state's second and third assignments of error are moot.

{¶20} Accordingly, the state's first assignment of error is sustained, the second and third assignments of error are rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

DORRIAN and NELSON, JJ., concur.

_____