[Cite as *State v. Hostetler*, 2019-Ohio-3413.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    18AP0058 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LESTER E. HOSTETLER | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    2018 TR-C 005082 |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

CALLAHAN, Judge.

{¶1}    Appellant, Lester Hostetler, appeals an order of the Wayne County Municipal Court that denied his motion to suppress.  This Court affirms.

I.

{¶2}    On May 27, 2018, at approximately 1:00 a.m., Trooper Richard Ondick observed a truck driving north on Hillcrest Drive in Wayne County.  The truck made a left turn onto County Road 30A without signaling, crossing over the turn lane on County Road 30A in the process.  Trooper Ondick activated his lights as he drove westbound on County Road 30A behind the truck, but the driver turned into a residential area without pulling over.  Trooper Ondick activated his spotlight, then his siren, but the driver still did not pull over.  Approximately thirty seconds after Trooper Ondick activated his lights, the driver pulled into the driveway of a residence and stopped.

{¶3} When Trooper Ondick approached the driver, Mr. Hostetler, he observed, among other things, the overwhelming odor of an alcoholic beverage. He detained Mr. Hostetler to perform the horizontal gaze nystagmus ("HGN") test, then arrested him on suspicion of driving under the influence of alcohol. Mr. Hostetler was charged with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), operating a motor vehicle with a prohibited concentration of alcohol per liter of breath in violation of R.C. 4511.19(A)(1)(h), and two traffic violations. Mr. Hostetler moved to suppress all of the evidence gained as a result of the traffic stop, arguing that Trooper Ondick arrested him without probable cause when he placed him in handcuffs prior to administering the HGN test. In the alternative, Mr. Hostetler argued that Trooper Ondick did not administer the HGN test in substantial compliance with the National Highway Transportation and Safety Administration ("NHTSA") guidelines. He maintained that without those test results, Trooper Ondick lacked probable cause to arrest him after the HGN test was completed.

{¶4} The trial court concluded that Trooper Ondick did not place Mr. Hostetler under arrest until after the HGN test was administered. The trial court agreed that the HGN test was not administered in substantial compliance with the NHTSA guidelines and declined to consider the results of the HGN test when evaluating whether Trooper Ondick had probable cause to arrest Mr. Hostetler. Nonetheless, the trial court denied the motion to suppress, concluding that when all of Trooper Ondick's observations were considered, he had probable cause for the arrest.

{¶5} Mr. Hostetler entered a plea of no contest. The trial court found him guilty of operating a motor vehicle under the influence of alcohol and operating a motor vehicle with a prohibited concentration of alcohol per liter of breath, dismissed the two traffic violations, fined

Mr. Hostetler $750.00, and suspended his driver's license for eighteen months. Mr. Hostetler filed this appeal.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS, AS THE COURT'S DECISION IS UNSUPPORTED BY THE EVIDENCE.

{¶6} Mr. Hostetler's assignment of error argues that the trial court erred by concluding that Trooper Ondick had probable cause to arrest him on suspicion of driving under the influence of alcohol when the results of the HGN test are excluded from that consideration. Mr. Hostetler does not dispute the trial court's conclusion that Trooper Ondick did not place him under arrest until after he administered the HGN test.

{¶7} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8} When determining whether a law enforcement officer had probable cause to arrest someone for driving under the influence, courts must "consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), *superseded by statute on other grounds*, R.C. 4511.19(D)(4)(b). This inquiry is based on the totality of the circumstances, including physiological factors that tend to demonstrate intoxication, such as an odor of alcohol on a suspect's person, bloodshot or glassy eyes, slurred speech, or a confused manner. *State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 30. "'[V]irtually any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated.'" *State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 19, quoting *State v. Delong*, 5th Dist. Fairfield No. 02 CA 35, 2002-Ohio-5289, ¶ 60, citing *Columbus v. Mullins*, 162 Ohio St. 419, 421 (1954).

{¶9} The trial court found that Trooper Ondick observed that Mr. Hostetler made a left turn without signaling and then crossed over the turning lane on County Road 30A. Mr. Hostetler did not pull over immediately in response to Trooper Ondick's lights, spotlight, and siren. The trial court noted that when he did pull over, he complied with Trooper Ondick's request to exit the vehicle, but walked toward his house and away from Trooper Ondick. According to the trial court's findings, "Trooper Ondick observed [that Mr. Hostetler had] a 'lost in space' look upon his face, slow methodical speech, glassy red eyes, and an odor of alcohol on his person." Although Mr. Hostetler has not challenged the trial court's findings of fact, this Court notes that they are supported by competent, credible evidence. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. In that respect, Trooper Ondick's testimony is illustrative:

Q:     When you approached the vehicle was it before or after you had him back by the patrol car that you observed his red glassy eyes?

A:     [It was] when he got out.  * * *  [W]e were face to face * * * and I mean, you could just smell it coming off of him and it's, it's like a vacuum.  When you, you know, when you open up a new can of tennis balls and that smell [comes] out.  When he opened up that door, it just billowed out right at me.

Q:     The odor of alcohol coming from the vehicle?

A:     Coming from the vehicle and then as he got right beside me to go towards his residence you could smell it coming off of him.

Q:     Okay.

A:     And that's when, too, you could notice the glassy red eyes and then as we walked back as I'm standing beside him, I could smell the alcohol coming off of him as he starts to perspir[e].

The totality of these circumstances, including Mr. Hostetler's physiological indicators of impairment, the nature of his driving before the traffic stop, and his failure to heed Trooper Ondick's signals to pull over, were sufficient to cause a prudent person to believe that Mr. Hostetler was driving while under the influence of alcohol.

{¶10}  Mr. Hostetler maintains that because Trooper Ondick testified that had he not observed several clues during the HGN test, Mr. Hostetler would not have been placed under arrest, the totality-of-the-circumstances test "hinge[s] upon[] the clues exhibited in the HGN test."  Trooper Ondick's testimony in that regard is best characterized as speculation on his part:

Q:     What would [have] happened if you had conducted your test and you wouldn't [have] noted any clues?

A:     He would be taken out of handcuffs and allowed to go to his house, I guess.

Regardless, however, Trooper Ondick's subjective explanation of what he might have done under different circumstances is irrelevant to the determination of whether probable cause existed for Mr. Hostetler's arrest.  The existence of probable cause to arrest is evaluated under an

objective standard. *State v. Taylor*, 10th Dist. Franklin No. 18AP-7, 2019-Ohio-2018, ¶ 8, citing *State v. Abrams*, 12th Dist. Clermont No. CA2007-03-040, 2008-Ohio-94, ¶ 12. For this reason, an officer's subjective intentions are not relevant. *Taylor* at ¶ 8*; State v. Scott*, 9th Dist. Lorain No. 08CA009446, 2009-Ohio-672, ¶ 16. *Compare State v. Bloxdorf*, 9th Dist. Summit No. 16408, 1994 WL 122178, *2 (noting that the fact of whether a suspect was arrested or not "sheds no light on the objective probable cause determination of whether a prudent person would believe an offense was committed.").

{¶11} The trial court did not err by determining that Trooper Ondick's observations of Mr. Hostetler's behavior and physiological condition were sufficient to convince a prudent person that he was operating a motor vehicle while under the influence of alcohol. Mr. Hostetler's assignment of error is overruled.

III.

{¶12} Mr. Hostetler's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.