[Cite as *State v. McCurty*, 2023-Ohio-1158.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29462 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 00314 |
| | : | |
| SHAQUONNE MCCURTY | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 7, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

J. DAVID TURNER, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Shaquonne McCurty appeals from his convictions for murder and related offenses. On appeal, McCurty challenges the trial court's decision overruling his motion to suppress statements he made after his warrantless arrest. For the following reasons, we affirm the trial court's judgment.

### I. Procedural History and Relevant Facts

{¶ 2} On February 5, 2021, McCurty was indicted on two counts of murder, in violation of R.C. 2903.02(B), unclassified felonies; one count of felonious assault (serious physical harm), in violation of R.C. 2903.11(A)(1), a felony of the second degree; two counts of felonious assault (deadly weapon), in violation of R.C. 2903.11(A)(2), felonies of the second degree; and two counts of having weapons while under disability, in violation of R.C. 2923.13(A)(2), felonies of the third degree. Except for the offenses of having weapons under disability, the charges included three-year firearm specifications.

{¶ 3} On March 29, 2021, McCurty filed a motion to suppress challenging the pretrial identification of a witness, but this motion was later withdrawn. A second motion to suppress was filed on May 3, 2021, alleging that evidence should be suppressed as the result of a warrantless search and that McCurty's statements were obtained in violation of *Miranda*, or in the alternative, were the result of an improper warrantless arrest.

{¶ 4} A suppression hearing was held on August 16, 2021. At the hearing, the State offered the testimony of two witnesses. In his post-hearing brief, McCurty specifically argued that, at the time he was arrested without a warrant, there had been no probable cause to arrest him and, further, that the State did not demonstrate that it had been impracticable to obtain a warrant or that exigent circumstances had existed. Thus, he argued that his seizure had been unconstitutional. The trial court overruled McCurty's motion in its entirety, finding that there had been probable cause to arrest McCurty and that it had not been practicable for the police to obtain a warrant prior to doing so. The

trial court also found that McCurty's statements were admissible as they had been knowingly, intelligently, and voluntarily made after he validly waived his *Miranda* rights.

{¶ 5} The case proceeded to a jury trial on the murder and felonious assault counts with firearm specifications, and the two counts of having a weapon while under disability were tried to the bench. The jury found McCurty guilty of two counts of murder and two counts of felonious assault (and the firearm specifications) which related to the shooting death of J.G.[1] McCurty was found not guilty of the third felonious assault count related to W.T., who was standing next to J.G. at the time of the shooting. The trial court found McCurty guilty on both counts of having a weapon while under disability.

{¶ 6} At sentencing, the trial court merged all the murder and felonious assault counts and the State elected sentencing on count one, murder, on which the trial court imposed a sentence of 15-years-to-life in prison with an additional mandatory 3-year firearm specification. McCurty was sentenced to 18 months in prison on each of the having a weapon while under disability counts, which were ordered to be served concurrently to each other and concurrently to the murder count, for a total = prison term of 18-years-to-life.

## II. Motion to Suppress

{¶ 7} McCurty timely appealed and raises the following single assignment of error:

The trial court erred in overruling McCurty's motion to suppress evidence because the state failed to show that obtaining an arrest warrant beforehand was impracticable under the circumstances. Because the police did not

---

[1] In order to protect the privacy of minors, we will use initials throughout this opinion.

validly arrest McCurty, any statements made by McCurty must also be suppressed as fruit of the poisonous tree.

**{¶ 8}** The trial court found that there had been probable cause to arrest McCurty and that it had been impracticable to obtain a warrant prior to his arrest. McCurty does not challenge the trial court's finding of probable cause. Rather, McCurty contends the trial court erred because the State failed to show that obtaining an arrest warrant was impracticable. McCurty asserts that the failure to demonstrate impracticability necessitates reversal of his convictions.

**{¶ 9}** McCurty relies on this Court's prior decision in *State v. VanNoy*, 188 Ohio App.3d 89, 2010-Ohio-2845, 934 N.E.2d 413 (2d Dist.), to support his position. In *VanNoy*, the defendant was under investigation by the Springfield Police Department drug unit during the spring of 2008. *Id.* at ¶ 9. Several months later, a Springfield detective observed the defendant as a passenger in a vehicle and conducted a traffic stop solely to arrest the defendant for the prior drug offenses. *Id.* at ¶ 11-12. At the time of the stop, there had been no arrest warrant issued for VanNoy, no charges had been filed against him, and no indictment had been obtained. *Id.* at ¶ 10. Although the trial court overruled VanNoy's motion to suppress, this Court reversed, holding that "in order for an officer to lawfully perform a warrantless arrest in a public place, the arrest must not only be supported by probable cause, it must also be shown that obtaining an arrest warrant beforehand was impracticable under the circumstances, i.e., that exigent circumstances exist." (Citations omitted.) *Id.* at ¶ 23.

**{¶ 10}** However, in 2021, the Supreme Court of Ohio explicitly rejected the holding

in *VanNoy* that required the State to show that obtaining an arrest warrant before arresting a suspect without a warrant was impracticable under the circumstances, in addition to the arrest being supported by probable cause. *State v. Jordan*, 166 Ohio St.3d 339, 2021-Ohio-3922, 185 N.E.3d 1051, ¶ 29. The Supreme Court stated that *VanNoy* was "contrary to precedent from both this court and the United States Supreme Court." *Id.* at ¶ 32. The Court then held "that neither the United States nor the Ohio Constitution requires a showing of exigent circumstances or of the impracticability of obtaining an arrest warrant to justify a warrantless public arrest supported by probable cause." *Id.*

{¶ 11} As the Court in *Jordan* explained, "[t]he constitutionality of an arrest depends on whether, at the moment the arrest was made, the officers had probable cause to make it." *Id.* at ¶ 19, citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). "An arrest that is based on probable cause is a reasonable intrusion under the Fourth Amendment[.]" *Id.*, citing *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Thus, so long as a warrantless arrest is based upon probable cause and occurs in a public place, it does not violate the Fourth Amendment. *Id.* at ¶ 28, citing *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 66, citing *U.S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598.

{¶ 12} McCurty does not contest the trial courts' determination that the arresting officers had probable cause to arrest him. Furthermore, based on *Jordan*, the State was not required to demonstrate that obtaining a warrant prior to his arrest was impracticable. Therefore, McCurty's warrantless arrest, conducted in public and with probable cause to believe that McCurty had committed a felony, was reasonable and did not violate the

Fourth Amendment to the United States Constitution or Article I, Section 14 of the Ohio Constitution.  McCurty's sole assignment of error is overruled.

### III.    Conclusion

{¶ 13} Having overruled the assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, J. and HUFFMAN, J., concur.