OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the granting of a motion to suppress evidence filed by defendant-appellee, Joseph L. Haines, in the Clermont County Court of Common Pleas. We reverse the decision of the trial court.
 {¶ 2} On December 14, 2001, at approximately 2:00 p.m., Detective Jeff Lacey of the Goshen Township Police Department saw a vehicle make a left turn, forcing an oncoming car to suddenly stop in order to avoid a collision. The vehicle entered the parking lot of a fast-food restaurant in Goshen Township. Det. Lacey followed the vehicle into the parking lot and addressed the driver as he was about to enter the restaurant. Det. Lacey asked the driver of the vehicle, Haines, for his driver's license. Haines admitted that he did not have a driver's license.
 {¶ 3} Det. Lacey directed Haines to have a seat in the rear of Lacey's police cruiser. However, before allowing Haines inside the cruiser, Det. Lacey conducted a frisk for weapons. During the frisk, Det. Lacey felt a "small object" in Haines' right pants pocket, but he could not identify it. Det. Lacey testified that he had Haines produce the object from his pocket and hand it to him. However, Haines testified that Det. Lacey simply removed the object from Haines' pocket without asking. The object was an unlabeled yellow pill bottle. Haines informed Det. Lacey that the bottle contained "speed."
 {¶ 4} Haines was then seated in the rear of the cruiser. Det. Lacey called police dispatch to obtain Haines' driving record. The dispatcher informed Det. Lacey that Haines' license was suspended. Det. Lacey testified that he then arrested Haines for driving under suspension. Haines remained in the rear of the police cruiser while Det. Lacey searched Haines' vehicle. Finding nothing, Det. Lacey issued a summons for the traffic violations and released Haines.
 {¶ 5} On October 23, 2002, the Clermont County Grand Jury returned an indictment charging Haines with aggravated possession of methamphetamine (speed) and aggravated possession of methylenedioxymethamphetamine (ecstacy). Hanes filed a motion to suppress the speed and ecstacy. On December 12, 2002, a hearing was conducted on Haines' motion to suppress. The motion was granted. The state appeals, raising a single assignment of error as follows:
 {¶ 6} "The trial court erred in granting the motion to suppress."
 {¶ 7} The trial court determined that Det. Lacey "did not arrest [Haines] before or after the Terry-stop pat down." The trial court determined that the search was not incident to a lawful arrest and no exceptions applied. Therefore, Haines' motion to suppress evidence was granted.
 {¶ 8} A motion to suppress evidence seeks to challenge the arrest, search, or seizure as being in violation of the Fourth Amendment of the United States Constitution. The principal remedy for such a violation is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. See Katz, Ohio Arrest, Search and Seizure (2001) 31, Section 2.1. Exclusion is mandatory under Mapp v.Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, when such evidence is obtained as a result of an illegal arrest, search, or seizure.
 {¶ 9} When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's findings of fact "if they are supported by competent, credible evidence." State v. Retherford (1994),93 Ohio App.3d 586, 592. Accepting these facts as true, we must then independently determine, as a matter of law and without deference to the trial court's conclusion, whether these facts meet the applicable legal standard. Id.
 {¶ 10} In determining whether Det. Lacey had probable cause to arrest Haines for driving with a suspended driver's license, we consider whether, at the moment of arrest, Det. Lacey had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that Haines was driving without a license. See State v. Homan, 89 Ohio St.3d 421, 427,2000-Ohio-212. In making this determination, we examine the totality of facts and circumstances surrounding the arrest. State v. Rannes, Logan App. No. 8-02-12, 2002-Ohio-4691, at ¶ 11, quoting Homan,89 Ohio St.3d at 427, 2000-Ohio-212.
 {¶ 11} An arrest requires an intent to arrest, conducted under real or pretended authority, accompanied by an actual or constructive seizure or detention of the person, which is so understood by the person arrested. State v. Darrah (1980), 64 Ohio St.2d 22, 26. A seizure occurs for purposes of the Fourth Amendment when, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. United States v. Mendenhall
(1980), 446 U.S. 544, 100 S.Ct. 1870. That generally occurs "when a police officer has by physical force or show of authority restrained the person's liberty, so that a reasonable person would not feel free to decline the officer's requests or otherwise to terminate the encounter."State v. Gonsior (1996), 117 Ohio App.3d 481, 485.
 {¶ 12} In pertinent part, R.C. 4511.42 states "[t]he operator of a vehicle, * * * intending to turn to the left within an intersection * * * or driveway, shall yield the right of way to any vehicle * * * approaching from the opposite direction." Det. Lacey testified that he observed Haines make a left turn into a fast food restaurant driveway, forcing an oncoming car to suddenly stop in order to avoid a collision. Det. Lacey followed Haines into the driveway and approached him. Det. Lacey asked Haines for his driver's license. Haines informed Det. Lacey that his license was suspended. Det. Haines frisked Haines for weapons, found the unlabeled bottle, and placed Haines in the rear of his cruiser. Det. Lacey then called dispatch to determine the status of Haines' driver's license. Det. Lacey testified that he placed Haines under arrest "upon verifying that he had no license." While Haines was under arrest and confined to the back seat of the police cruiser, Det. Lacey conducted a search of Haines' vehicle. The search lasted over ten minutes. Det. Lacey then issued Haines "a summons and released him."
 {¶ 13} This court has held that an arrest does not occur every time an individual is placed in the rear seat of a police cruiser. If a suspect is placed in a police cruiser for a brief period of time, this does not necessarily elevate the traffic stop to the level of a formal arrest. See, e.g., State v. Johnson (May 1, 2000), Clermont App. No. CA99-06-061, at *4. See, also, State v. Rivera-Carrillo, Butler App. No. CA2001-03-054, at *3, 2002-Ohio-1013. This is true when the individual is being requested to stay while relevant facts are ascertained. Id. Confining an individual to the police cruiser is not a custodial placement if it is part of the investigation, even if the suspect in the police cruiser is not free to leave.
 {¶ 14} In the present case, Det. Lacey was not merely performing an on-the-scene inquiry as part of the normal fact-finding process. Haines had already informed Det. Lacey that his license was under suspension before he placed Haines in the cruiser. Consequently, Haines was detained in contemplation of charging him with a crime, not for the sole purpose of investigation. An arrest signifies "the restraint of a person's freedom in contemplation of the formal charging with a crime."State v. Darrah (1980), 64 Ohio St.2d 22, 26.
 {¶ 15} Therefore, we find that an arrest did take place. Det. Lacey testified he had an intent to arrest Haines and that he actually arrested him. Det. Lacey acted under the authority of the Goshen Township Police Department when he arrested Haines. The arrest was accompanied by an actual seizure or detention of Haines in Det. Lacey's police cruiser. Furthermore, we believe that the detention was understood by the person arrested. We believe that any reasonable person would believe that he or she would be under arrest once a police officer pats down and places them in a police vehicle after that individual informed an officer, during a traffic stop, that their driver's license was suspended. Cf. State v.Nelson (1991), 72 Ohio App.3d 506, 509.
 {¶ 16} Furthermore, even though Haines was permitted to leave after he was issued a summons, the arrest still occurred. Crim.R. 4(F) authorizes a police officer to issue a summons following an arrest for a misdemeanor. State v. Fiske (Oct. 28, 1994), Huron App. No. H-94-14, at *2. Also, United States v. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, permits a police officer to search a person who has been arrested and then decide whether to take the person into custody.
 {¶ 17} Since Haines was arrested, the search was incident to his arrest, and therefore valid. If probable cause to arrest without a warrant exists prior to a search, it is immaterial that the search incident to arrest actually precedes the arrest. State v. Jones (1998),112 Ohio App.3d 206, 215. The key is the prior existence of probable cause, and that the fruit of the search not provide the justification for the arrest. Id.
 {¶ 18} Prior to the search, Det. Lacey observed Haines fail to yield to oncoming traffic during a left-hand turn. Haines then informed Det. Lacey that his driver's license was suspended. Det. Lacey had sufficient justification to arrest Haines without the fruits of the search, the methylenedioxymethamphetamine and methamphetamine pills. Thus, the trial court erred in granting the motion to suppress. The state's assignment of error is sustained.
 {¶ 19} Judgment reversed. This cause is remanded for further proceedings according to law and consistent with this opinion.
WALSH and POWELL, JJ., concur.