OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from an order of the Clermont County Court of Common Pleas suppressing evidence on behalf of defendant-appellee, Patricia A. Abrams. For the reasons outlined below, we reverse the decision of the trial court and remand.
 {¶ 2} On the afternoon of November 16, 2006, Officer Chris Holden of the Union Township Police Department received a dispatch stating that a female pedestrian was *Page 2 
arguing with a man in a car on Shayler Road. When the officer arrived at the scene, the man in the car was gone and Abrams was standing in the rain. Officer Holden invited Abrams to sit in his cruiser to discuss the incident. He asked Abrams if she had any weapons in her possession, to which she responded in the negative. The officer conducted a pat-down search of Abrams. He noticed an ink pen hanging from her belt loop, but thought nothing of it.
 {¶ 3} Abrams told Officer Holden that she and the man in the car, her husband, had been arguing and that he had sprayed her in the stomach with mace. She agreed to accompany the officer to the police station, and Officer Holden explained that she was not under arrest at this time. Her husband arrived at the station with another officer, and informed the officers that Abrams had attempted to stab him in the throat with a knife disguised as an ink pen. Officer Holden returned to the interview room where Abrams was waiting and asked where the pen was. She indicated the pen was in her purse. Officer Holden removed the purse from the room and searched it. He located the pen containing the hidden knife, and after continuing to search discovered a compact containing a straw and what appeared to be drug residue. Abrams was arrested and charged with attempted felonious assault and carrying a concealed weapon.
 {¶ 4} On December 6, 2006, Abrams was indicted on one count of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony, and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), also a fifth-degree felony. Abrams filed a motion to suppress the drug evidence. Following a hearing, the trial court granted Abrams' motion in a decision rendered on March 6, 2007. The state timely appeals, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION *Page 3 
TO SUPPRESS."
 {¶ 7} We begin by noting that appellate review of a ruling on a motion to suppress evidence presents a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 329, 332. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Bryson (2001),142 Ohio App.3d 397, 402. The reviewing court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Id.
 {¶ 8} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals against unreasonable governmental searches and seizures. Warrantless searches are per se unreasonable unless one of the well-delineated exceptions applies. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507.
 {¶ 9} The first part of the search, which involved the discovery of the knife, is not at issue in this case. The trial court held that this portion of search was proper under the exigency exception to the warrant requirement and there has been no appeal from that decision. The trial court determined, however, that Officer Holden was not justified in continuing the search once the knife was located. This was because there were no reasonable grounds to believe that the purse contained additional weapons, or that officer safety was at risk since the purse was no longer in Abrams' control.
 {¶ 10} The trial court also found that the search of Abrams' purse was not justified as a search incident to a lawful arrest. The court noted that Abrams was not under arrest when she was brought to the police station. Officer Holden testified that he did not intend to arrest Abrams for the alleged assault, and the trial court refused to assume based upon the record that Abrams was going to be arrested for the assault prior to the discovery of the drugs. Even if Abrams had been arrested prior to the search of her purse, the court stated that the *Page 4 
continued search of the purse may not have been justified as incident to a lawful arrest since the purse was no longer within Abrams' immediate control. See United States v. Robinson (1973), 414 U.S. 218,224, 94 S.Ct. 467.
 {¶ 11} A review of the applicable case law reveals that the trial court misapplied the search incident to arrest exception to the warrant requirement. The fact that Abrams' purse was searched prior to her actual arrest does not remove the search from the scope of this exception. "If probable cause to arrest without a warrant exists prior to a search, it is immaterial that the search incident to arrest actually precedes the arrest. The key is the prior existence of probable cause, and that the fruit of the search not provide the justification for the arrest." (Citations omitted.) State v. Haines, Clermont App. No. CA2003-02-015, 2003-Ohio-6103, ¶ 17. See, also, Rawlings v.Kentucky (1980), 448 U.S. 98, 111, 100 S.Ct. 2556 (stating, "[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa"); State v.Jones (1996), 112 Ohio App.3d 206, 215. The search of Abrams' purse was thus lawful if there was probable cause to arrest her prior to the search and the drug evidence did not serve as the justification for her arrest.
 {¶ 12} We must determine whether Officer Holden had probable cause to arrest Abrams prior to searching her purse. See Kilburn, Warren App. No. CA96-12-130 at 5 (noting that probable cause determinations are reviewed de novo). Probable cause is not subjective. State v. McDonald, Washington App. No. 04CA7, 2004-Ohio-5395, ¶ 25. Rather, probable cause is viewed under an objective standard, and is present where a reasonably prudent person would believe that the arrestee has committed a crime. Id. at ¶ 31, citing State v. Timson (1974), 38 Ohio St.2d 122; andBrinegar v. United States (1949), 338 U.S. 160, 69 S.Ct. 1302.
 {¶ 13} Because probable cause is measured under an objective standard, it is of no *Page 5 
import that Officer Holden testified he never intended to arrest Abrams until he found the drugs. If, objectively, there was probable cause to arrest her before discovering the drugs (i.e., for attempted felonious assault and carrying a concealed weapon), then Officer Holden's subjective intent was immaterial.
 {¶ 14} The evidence reveals that Officer Holden did have probable cause to arrest Abrams prior to the search, and that the drug evidence did not serve as a justification for the arrest. Haines at ¶ 17. Clearly, Abrams was carrying a concealed weapon. The dangerous nature of the weapon was not immediately apparent because it was disguised as an ink pen. Abrams lied about possessing the weapon when questioned by Officer Holden before she entered his cruiser on Shayler Road. Officer Holden directly questioned her about whether she was carrying any weapons or contraband at that time, and she responded in the negative.
 {¶ 15} The hidden nature of the weapon, along with Abrams' failure to disclose its existence when questioned, supported Officer Holden's inference that Abrams' purse may have contained more weapons. He was justified in continuing to search for more weapons after discovering the knife, and was not obligated to halt the search once the knife was located. Officer Holden testified that, based upon his training and experience, a compact like the one in Abrams' purse could be used to carry razor blades. It was thus reasonable for him to open the compact to search for more weapons.
 {¶ 16} We also observe that Abrams took her concealed weapon into the police station even though a sign posted at the building's entrance informed civilians that they were not permitted to carry weapons inside. In addition, Abrams' husband informed the officers that she had attempted to stab him in the throat with her knife during their argument. This accusation, along with Abrams' possession and concealment of the knife, added to the probable cause for her arrest. *Page 6 
 {¶ 17} Under these circumstances, a reasonably prudent person would have believed that Abrams committed a crime. Officer Holden had probable cause to arrest Abrams for attempted felonious assault and carrying a concealed weapon. The search of Abrams' purse, conducted incident to this lawful arrest, did not violate Abrams' right to be free from unreasonable governmental searches and seizures.
 {¶ 18} As a matter of law, we conclude that Officer Holden's entire search of Abrams' purse was justified as a search incident to a lawful arrest. The state's first assignment of error is sustained.
 {¶ 19} Reversed and remanded.
 BRESSLER and WALSH, JJ., concur. *Page 1